(No. 3441—

RUSSELL McDONALD, Claimant, *vs*. STATE OF ILLINOIS,
Respondent.

*Opinion filed March 13, 1945.*

SHARL B. BASS AND GREENBERG & SACHS, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L.
MORGAN, Assistant Attorney General, for respondent.

ECKERT, J.

The claimant, Russell McDonald, contracted typhoid
fever on August 19, 1939, while in the employ of the re-
spondent as an attendant at the Manteno State Hospital.
He was totally incapacitated until November 1st of the
same year, and during the period of his illness he was
paid by the respondent the total sum of $157.30. He now
seeks an award for $103.45 for medical care, $660.00 for
loss of sight, $412.50 for loss of hearing, and $937.50 for
loss of use of his legs, or a total award of $2,113.45.

At the time of his illness, claimant and respondent
were operating under the provisions of the Workmen's
Compensation Act of this State, and notice of the illness
and claim for compensation were made within the time
provided by the Act. Claimant had no children under
sixteen years of age. It is stipulated that a typhoid fever
epidemic existed at Manteno State Hospital from July
10, 1939, to December 10, 1939. The typhoid fever con-
tracted by the claimant was accidental and arose out of

and in the course of his employment at the Manteno State Hospital, and any injury arising therefrom is compensable under the provisions of the Workmen's Compensation Act. *Ade* vs. *State,* 13 C. C. R. 1.

For the year immediately preceding his illness, claimant's wages were $903.10, or a weekly wage of $17.37. His rate of compensation is, therefore, $8.69 per week, plus ten per cent, or $9.56. Being totally incapacitated from August 19, 1939, to November 1, 1939, a period of 10-4/7 weeks, he was entitled to $101.06 for temporary total disability. Claimant, however, received on account of such disability the sum of $157.30, which was an over-payment of $56.24. This must be deducted from any award in this case.

On August 27, 1941, claimant was examined by Dr. Alfred H. Herman, of Chicago. From the report of Dr. Herman, and from the testimony of the claimant, it appears that claimant has suffered a complete loss of hearing in his left ear. It also appears from the record that claimant has incurred charges for medical services of Dr. Daniel K. Hur in the amount of $103.45. The record, however, does not sustain the claim for impaired vision, or the claim for loss of use of either of claimant's legs.

The court, therefore, finds that claimant has suffered the total and permanent loss of hearing of the left ear, and is entitled to receive from the respondent 50% of his average weekly wage for a period of fifty weeks, or the sum of $478.00. He is also entitled to an award for medical expenses in the amount of $103.45, or a total award of $581.45. From this must be deducted the over-payment on account of temporary total disability in the amount of $56.24, leaving a balance of $525.21.

Award is therefore entered in favor of the claimant in the total sum of $525.21, of which $103.45 is to be paid

for the use of Dr. Daniel K. Hur. The entire award has accrued and is payable forthwith.